UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 26- |
| HRS GLOBAL LLC, | ) | |
| | ) | CHAPTER 11 |
| DEBTOR. | ) | (SUBCHAPTER V) |
| | ) | |

# DEBTOR'S FIRST-DAY MOTION FOR AN ORDER APPROVING INTERIM USE OF CASH COLLATERAL

*** *** ***

HRS GLOBAL LLC C ("HRS" or the "Debtor"), as debtor and debtor-in-possession, by proposed counsel, respectfully moves the Court for an interim order authorizing the Debtor's use of cash and cash equivalents in which its estate and any entity other than its estate has or may assert any interest (the "cash collateral") pursuant to the interim fourth quarter budget attached as **Exhibit A** (the "Interim Budget"). In support of this motion (the "Motion"), the Debtor states:

## Jurisdiction and Venue

1. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Court has jurisdiction over this chapter 11 case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 1334 and 157(a), the general order of reference issued by the United States District Court for the Southern District of Indiana on July 11, 1984, and Rule 83.8 of the District Court's local rules.

3. Venue of the chapter 11 Case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. Resolution of this Motion is a core proceeding in which the Court may enter a final order by 28 U.S.C. § 157(b)(2)(A), (L), and (O). The Court can do so without

offending Article III of the Constitution because "the action at issue stems from the bankruptcy itself[.]" *Stern v. Marshall*, 564 U.S. 462, 499 (2011).

5. Pursuant to Local Rule B-9013-3(b), the Debtor submitted drafts of this and other First-Day Motions (as that term is defined by Local Rule B-9013-3) to the Assistant United States Trustee for the Southern District of Indiana prior to the filing of the petition.

6. The statutory bases for the relief sought in this Motion are 11 U.S.C. §§ 105, 361, 362, and 363 and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

7. The Debtor is a small business debtor within the meaning of 11 U.S.C. § 101(51D), and subchapter V of chapter 11 of the Bankruptcy Code applies to this proceeding. The Debtor continues to manage its assets and affairs as a debtor-in-possession under 11 U.S.C. § 1184. No request for the appointment of a trustee or examiner has been made in this chapter 11 case, and no committees have been appointed or designated.

8. The Debtor is an Indiana limited liability company that was founded in 2012, with its principal office located in Jeffersonville, Indiana. The Debtor provides outsourced sales, logistics, advisory services, distribution, and product development to international food and consumer brands to get their products listed and distributed in North American retail markets. Essentially, the Debtor facilitates the distribution of international private-label and branded products from manufacturers onto American shelves. It also provides advisory services to international manufactures on logistics and sales of products to retailers in the United States.

9. The following creditors may assert a lien or claim a security interest in the Debtor's cash collateral:[1]

[1] The UCC financing statements filed against the Debtor that purport to assert a lien against the Debtor's cash collateral are attached as **Exhibit B**.

a. CitiBank, N.A. ("CitiBank"). On or about April 24, 2025, CitiBank N.A. ("CitiBank") filed a UCC financing statement (File No. 202504243319033) with the Indiana Secretary of State ("IN SoS"), asserting a lien on all accounts receivables and payment obligations owing to the Debtor by Dollar General Corporation.

b. Honest Funding. On or about May 15, 2025, Honest Funding filed a UCC financing statement (File No. 202505153329480) with the IN SoS, asserting a lien on all Debtor's accounts receivables. The Debtor believes it has repaid its obligations to Honest Funding.

c. CT Corporation System, as representative ("CT Corporation"). On or about June 30, 2025, CT Corporation System, as representative, filed a UCC financing statement (File No. 202506303352194) with the IN SoS, asserting a lien on all the Debtor's assets, including accounts. The UCC financing statement did not provide details regarding the identity of the actual secured party.

d. G and G Funding Group LLC ("G and G Funding"). On or about October 10, 2025, G & G Funding filed a UCC financing statement (File No. 202510103391977) with the IN SoS, asserting a lien on all the Debtor's assets, including accounts. This lien secures a loan with the principal amount of $422,884.48

e. Pinewood Capital Management ("Pinewood"). On or about October 17, 2025, Pinewood filed a UCC financing statement (File No. 202510173394438) with the IN SoS, asserting a lien on all the Debtor's accounts receivable. This lien secures a loan with the principal amount of $330,000.

f. CT Corporation. On or about December 3, 2025, CT Corporation, as representative, filed a UCC financing statement (File No. 202512033412541) with the IN SoS, asserting a lien on all the Debtor's assets. The UCC financing statement did not provide details regarding the identity of the actual secured party.

10. Excepting creditors whose financing statements assert an interest only in particular equipment of the Debtor and its proceeds, the Debtor has not identified any other creditors who have perfected liens against or an interest in its cash collateral.

## Relief Requested

11. The Debtor seeks entry of an order, substantially in the form attached hereto (the "Proposed Order") under 11 U.S.C. §§ 105(a), 361, 362, and 363 and Bankruptcy Rules 2002, 4001, and 6004 authorizing the Debtor to use cash collateral in form, substance, and spirit consistent with the Interim Budget attached hereto as Exhibit A in order to meet ordinary and necessary expenditures on an interim basis until the date that an order resolves this Motion on a final basis.

12. In order to preserve the Debtor's ongoing viability as a going-concern entity, and to avoid immediate and irreparable harm, the Debtor requests authorization for the post-petition use of cash collateral, as provided herein. This relief is necessary for the Debtor to maintain business relationships and confidence with vendors, suppliers, and customers, to satisfy other working capital and operational needs, to meet accrued and ongoing obligations to employees, and to maintain employee morale.

## Grounds for Relief

13. The Bankruptcy Code provides that a creditor is entitled to adequate protection of its interest in estate property when the automatic stay prevents it from realizing the value of that interest. 11 U.S.C. § 362(d).

14. The Bankruptcy Code contemplates three forms of adequate protection, including "a cash payment or periodic cash payments to [the secured creditor], to the extent that the [automatic] stay . . . results in a decrease in the value of [the secured creditor's] interest in" the collateral the secured creditor is stayed from liquidating. 11 U.S.C. § 361(1).

15. Certainly, where an undersecured creditor's collateral is declining in value, it is entitled, under § 361(d)(1), to cash payments or additional security in the amount of the decline. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988). But, the law is equally clear, at least since a unanimous Supreme Court handed down *Timbers of Inwood* more than thirty years ago, that creditors are not entitled to compensation, in the form of adequate protection or otherwise, for the pre-confirmation delay imposed by bankruptcy reorganization in realizing the value of its collateral. *See id.* at 379 ("That secured creditors do not bear one kind of reorganization cost hardly means that they bear none of them.").

16. To the extent that the above creditors have valid liens against cash collateral, their interests are protected by the Debtor's operation of its business and maintenance of collateral, which is made possible by the proposed use of cash collateral.

17. Without the ability to use cash collateral, the Debtor's ability to operate would be destroyed. Absent immediate access to the requested relief, the Debtor would be forced to cease operations immediately, which would cause significant harm to creditors, employees, and other parties-in-interest. Such a sudden shut down would destroy the ability of the Debtor to continue generating revenue and operating or to develop a standalone plan for payment of creditors.

18. The Debtor submits that the creditors possessing a lien against the cash collateral are adequately protected, and that the Court should therefore grant the relief requested herein.

19. Absent immediate relief as requested herein, the Debtor will likely have to cease business operations to the material detriment of its creditors, employees, and other parties-in-interest. The Debtor needs to ensure the availability of such working capital now. The Debtor anticipates using cash collateral to fund its day-to-day operations. The Debtor will also use cash collateral to satisfy payroll obligations coming due during the Interim Budget period, without which it would face a sharp decline in employee morale and retention. The use of cash collateral is necessary to demonstrate to the Debtor's customers, suppliers, vendors, and employees that the Debtors have sufficient capital to ensure ongoing operations.

20. The Debtor therefore requests that the Court hold a preliminary hearing on this Motion as soon as the Court's schedule permits, and that the Court hold a final hearing on this Motion after the required 14-day period prescribed by Bankruptcy Rule 4001(b) has passed.

21. Entry of the tendered proposed order is in the best interests of the estate and the Debtor's creditors because use of cash collateral will minimize disruption of the Debtor's operations and increase the possibilities for a successful reorganization.

## PRAYER

WHEREFORE, the Debtor respectfully requests that the Court (i) grant the Motion on an interim basis in the form and substance of the Proposed Order; (ii) approve the interim use of cash collateral consistent with the Interim Budget attached as **Exhibit A**; and (iii) when appropriate, approve the use of cash collateral on a final basis, following such final hearing; and (iv) grant such other relief as is just and proper.

Respectfully submitted,

*/s/ Neil C. Bordy*
NEIL C. BORDY
JOSEPH H. HADDAD
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, KY 40202
Phone: 502-584-7400 | Fax: 502-583-2100
E-mail: bordy@derbycitylaw.com
E-mail: haddad@derbycitylaw.com
*Proposed counsel for the Debtor*

G"™doc™NCB™HRS Global LLC™Pleadings™Cash Collateral Motion¿docx