**SO ORDERED: October 27, 2026.**

**Andrea K. McCord**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HRS GLOBAL LLC | ) | CASE NO. 26-91202-AKM-11 |
| | ) | |
| | ) | CHAPTER 11 (SUBCHAPTER V) |
| | ) | |
| | ) | |

# INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL

*** *** ***

This matter is before the Court on the *Debtor's First-Day Motion for an Order Authorizing the Debtor to Use Cash Collateral* (the "Motion"). Having considered the Motion, the representations of counsel, and being otherwise duly advised, the Court having determined that the relief requested in the Motion is necessary, essential, and appropriate for the continued operation of the Debtor's business and the management and preservation of its estate and to avoid immediate and irreparable harm to its estate as contemplated by

Bankruptcy Rule 4001. It is in the best interests of the Debtor, its creditors, and all other parties-in-interest that the Debtor be allowed to use its cash collateral in form, substance, and spirit consistent with the Interim Budget. Accordingly, the Court now **GRANTS** the Motion on an interim basis, and ORDERS as follows:

1. The Debtor shall be and hereby is authorized, retroactive to the Petition Date, to use cash collateral for those purposes and in those amounts set forth in the Interim Budget submitted with the Motion, subject to reasonable variances, as and when such expenses become due and payable.

2. This Order is without prejudice to the rights of any entity that asserts a valid perfected lien against the Debtor's cash collateral.

3. Nothing in this order is intended to be a determination of the extent, validity, or priority of any party's lien, or of the value of collateral purporting to secure the indebtedness owed by the Debtor to any party.

4. Pursuant to sections 363(e) and 361 of the Bankruptcy Code, the secured creditors shall be granted replacement liens in the cash collateral and in the post-petition property of Debtor of the same nature and to the same extent and in the same priority held in the cash collateral on the Petition Date (the "Adequate Protection Liens"). The Adequate Protection Liens shall secure obligations to the secured creditors to the extent that Debtor's use of the cash collateral diminishes the amount of the Collateral held as of the Petition Date.

5. Nothing in this order is intended to be a determination of the extent, validity, or priority of any party's lien, or of the value of collateral purporting to secure the indebtedness owed by the Debtor to any party.

6. Use of cash collateral is authorized until the date that is three business days after the next hearing scheduled regarding this matter.

7. Any liens granted pursuant to this Interim Order specifically excludes liens on Chapter 5 causes of action or the proceeds thereof.

8. Any applicable stay including, without limitation, under Bankruptcy Rule 6004(h), is hereby waived and shall not apply to this Interim Order.

9. The Court shall retain jurisdiction for the purpose of interpreting and enforcing this order.

**Notice of Final Hearing and Objection Deadline**

10. Objections to Debtor's Use of Cash Collateral Motion, if any, must be in writing and shall be filed with the Bankruptcy Clerk no later than December 4, 2026. Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail or in person at 110 U.S. Courthouse, 121 Spring St., Rm 110, New Albany, Indiana 47150, with a copy to proposed counsel to Debtor, Neil C. Bordy (bordy@derbycitylaw.com), Meidinger Tower-22nd Floor, 462 S. 4th Street, Louisville Kentucky 40202. A final hearing on the Motion and this Interim Order is scheduled for December 9, 2026, at 10:00 am ET. at 110 U.S. Courthouse, 121 W Spring St, Rm 103, New Albany, Indiana 47150

11. Use of cash collateral is authorized up and through the Court's continued hearing date of December 9, 2026.

SO ORDERED.

###